IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-626-BO

| | |
|---|---|
| KRISTIN L. BURRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| NANCY A. BERRYHILL, | ) |
| *Acting Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on the matters before the undersigned on January 12, 2017, at Elizabeth City, North Carolina. For the reasons discussed below, the decision of the Commissioner is remanded for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for supplemental security income (SSI) pursuant to Title XVI of the Social Security Act and disability insurance benefits (DIB) under Title II of the Social Security Act. Plaintiff filed for SSI and DIB on May 1, 2012, alleging disability since April 23, 2012. Plaintiff amended her alleged onset date to January 1, 2013. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date. Plaintiff's multi-level degenerative disc disease, right bundle branch block, carpal tunnel syndrome, osteoarthritis, neuralgia, and chronic obstructive pulmonary disease were considered severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. The ALJ concluded that plaintiff had the RFC to perform light work with exertional limitations. The ALJ found that plaintiff could return to her past relevant work as a nursery school attendant as that work is generally performed. Thus, the ALJ determined that plaintiff was not disabled as of the date of his decision, September 5, 2014.

At issue in this case is whether the ALJ's finding that plaintiff had the RFC to perform her past relevant work is supported by substantial evidence. As noted above, the ALJ found that plaintiff could perform light work with numerous exertional limitations, including only frequent reaching, pushing, handling, fingering, balancing, stooping, kneeling, and crouching and only occasional crawling. Tr. 17-18. Light work involves lifting no more than twenty pounds at a time and frequently lifting up to ten pounds at a time. 20 C.F.R. § 404.1567(b). Plaintiff's past relevant work is as a nursery school attendant. Tr. 24.

Plaintiff has a documented history of arm and neck pain with evidence of multi-level degenerative disc disease and mild facet arthritis. *See, e.g.,* Tr. 359-62; 380. Plaintiff testified that she had difficulty lifting children at work because of her pain. Tr. 54. While the ALJ may not have found plaintiff's complaints of pain entirely credible, plaintiff has come forward with evidence of a condition which would be reasonably expected to produce pain and she should be afforded at least some credit as to her complaints of pain. *See Hines v. Barnhart*, 453 F.3d 559, 564-65 (4th Cir. 2006).

Of specific concern in this case is the evidence in the record of a limitation in plaintiff's ability to use her non-dominant left arm due to pain. A nerve conduction study conducted in 2012 revealed radiculopathy at C5-6 on the left. Tr. 377-78. Plaintiff reported pain, numbness, and tingling in her left hand made worse by reaching. Tr. 522. Although the ALJ provided a through recitation of the medical evidence in this case, he did not provide a sufficient explanation as to the weight he afforded plaintiff's specific complaints of left arm pain and its effects on his RFC determination. The Court finds this to be of particular importance in light of the past relevant work working with children and infants which plaintiff has been found capable

4

of performing. Further, the ALJ asked the vocational expert in this case about the impact of only occasional use of plaintiff's left arm during the hearing but failed to explain his rationale for not including such an additional limitation in his final RFC finding.[1] Tr. 75. *See Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985) ("duty of explanation is always an important aspect of the administrative charge"). Accordingly, remand is appropriate for the ALJ to consider again his RFC finding and plaintiff's ability to perform her past relevant work as a nursery school attendant, as well as to provide a full explanation of the bases for his findings.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 17] is GRANTED and defendant's motion for judgment on the pleadings [DE 19] is DENIED. The decision of the ALJ is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this __13__ day of February, 2017.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] The Court recognizes that the ALJ in a footnote explained that the fact that the vocational expert was asked about a limitation does not suggest that such a limitation would be supported by the record, but the Court finds that in this instance such a cursory explanation is insufficient. Tr. 18.

5